IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO THOMPSON, | : | |
| Petitioner, | : | |
| | : | 1:14-cv-1575 |
| v. | : | |
| | : | Hon. John E. Jones III |
| WARDEN, USP ALLENWOOD, | : | |
| Respondent. | : | |

## **MEMORANDUM**

September 9, 2014

On August 11, 2014, Petitioner, Roberto Thompson, an inmate currently confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP-Allenwood") filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner also filed an application to proceed *in forma pauperis*.  (Doc. 2).  Petitioner challenges his sentence by arguing that he is being detained pursuant to an uncertified copy of his judgment and commitment order.  (Doc. 1).  For relief, Petitioner seeks immediate release from custody. (Doc. 1, p. 8).  For the reasons set forth below, the Court will summarily dismiss the petition.  *See* 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**I.    STANDARD OF REVIEW - SCREENING**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

## II.   BACKGROUND

This Court takes judicial notice of the docket of the United States District Court for the Southern District of New York and the District Court's July 18, 2014 Memorandum and Order dismissing Petitioner's prior case pursuant to 28 U.S.C. § 2244(a), which reveals the following procedural and factual background:

> By judgment entered March 7, 2006, Petitioner was convicted of interference with commerce by threats or violence, *see* 18 U.S.C. §§ 1951-52, discharging a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), and being a felon in possession of firearm, *see* 18 U.S.C. § 922(g)(1), and sentenced to 207 months' imprisonment. *See United States v. Thompson*, No. 04-CR-1225 (AKH) (S.D.N.Y. Mar. 7, 2006). Since the entry of that judgment, Petitioner has filed multiple postconviction motions.

On December 5, 2013, Petitioner filed a petition under 28 U.S.C. § 2241 in which he claimed to be entitled to be released from custody because "no judgment and commitment was ever executed against my person." *See Thompson v. United States*, No. 13-CV-8851 (AKH) (ECF Doc. 1.) Petitioner based this argument on the following: on the second page of the judgment in Petitioner's criminal case, there is a section titled, "Return," which allows the United States Marshal ("Marshal") to affirm that she executed the Court's judgment by delivering the prisoner to a United States Bureau of Prisons ("BOP") facility. On the version of Petitioner's judgment, viewable through the Court's electronic filing system, that section was never completed and signed by a Marshal.

Petitioner's apparent allegation was that because a Marshal never filed with the Clerk of Court a signed copy of this document certifying that the judgment had been executed, the judgment was "never lawfully executed," rendering his confinement unlawful. Petitioner also alleged that "[t]here is no criminal judgment against the Petitioner that has remanded [him] to the custody of the U.S. Marshal." This allegation apparently referred to the fact that, on page two of the judgment in his criminal case, a box stating, "Defendant is remanded to the custody of the U.S. Marshal," was not checked. *See Thompson v. United States*, No. 04-CR-1225 (AKH) (S.D.N.Y. Mar 7, 2006).

Judge Hellerstein denied the petition on the merits, holding that minor ministerial or clerical errors or omissions in Petitioner's paperwork did not legitimately call into question the validity of his incarceration. *See Thompson v. United States*, No. 13-CV-8851 (S.D.N.Y. Mar 3, 2014). In a subsequent order denying reconsideration of the dismissal, Judge Hellerstein determined that Petitioner was or should have been aware when he filed that action that his conviction and sentence were lawfully imposed, *see Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009), and warned Petitioner that if he persisted in filing unwarranted motions for relief, he ran the risk of being ordered to show cause why he should not be barred from filing actions in this Court *in forma pauperis* without prior leave of Court. Petitioner was also warned that the continued submission of frivolous documents could result in the imposition of sanctions under 28 U.S.C. § 1651,

> including monetary penalties. *Thompson v. United States*, No. 13-CV-8851 (Apr. 25, 2014).
>
> In this § 2241, Petitioner asserts that he is being detained pursuant to a "falsified" commitment order that "fraudulently states that a sentence was imposed on me on March 7, 2006, which is not true"; that Judge Hellerstein lacked subject matter jurisdiction to "endorse a written commitment order" because a judgment of conviction was never entered against him; and that he is actually innocent. (Petition at ¶ 13).
> ...
>
> Despite Petitioner's attempt to recast his allegations in this current petition, the essence of his claim is still that his imprisonment is unlawful due to minor clerical or ministerial irregularities in his judgment and commitment paperwork. Although Petitioner is asserting new facts that allegedly support his claim that his incarceration is unlawful, this is essentially the same claim that Petitioner raised in his prior § 2241 petition. Judge Hellerstein has already denied these claims on the merits. Petitioner could have, but failed to, raise these new assertions in the prior § 2241 petition. Because Petitioner has no that would recommend revisiting these claims, his petition is dismissed.

*Thompson v. Samuels, et al.*, No. 1:14-cv-3203 (S.D.N.Y. May 16, 2014) at (Doc. 4, pp. 1-3, 5) (footnotes omitted).

On August 11, 2014, Petitioner filed the instant petition for writ of habeas corpus, again seeking immediate release based on the claim that his imprisonment is unlawful due to minor clerical errors in his judgment and commitment paperwork. (Doc. 1). Petitioner argues that the Warden does not have a certified copy of his judgment and commitment order bearing the Court seal, resulting in an unlawful sentence. (Doc. 1, pp. 7-9). Petitioner further argues that his alleged

4

unlawful incarceration constitutes cruel and unusual punishment.  (Doc. 1, p. 8).

## III. DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Section 2244(a) of Title 28 of the United States Code provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).  The Third Circuit has held that, since § 2244(a) by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, that section bars successive § 2241 petitions directed to the same issues in regards to the sentence. *See Queen v. Miner*, 530 F.3d 253 (3d Cir. 2008); *accord Alamo v. Attorney General of the*

*United States*, 456 Fed. Appx. 74, 75 (3d Cir. 2012). Moreover, since the "abuse of the writ" doctrine addressed in *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991), governs sequential § 2241 filings, *see Zayas v. Immigration & Naturalization Service*, 311 F.3d 247, 256-58 (3d Cir. 2002), "a [§ 2241] petitioner may not raise new claims that could have been resolved in a previous [§ 2241] action." *Queen*, 530 F.3d at 255.[1]

In this case, the instant § 2241 petition[2] presents essentially the same claims that were previously dismissed on the merits by the United States District Court for the Southern District of New York; namely, that clerical errors in his judgment and commitment order render his incarceration unlawful. *See Thompson v. United States*, No. 13-CV-8851 (S.D.N.Y. Mar 3, 2014). Further, as noted, these same claims were raised in a subsequent § 2241 petition and dismissed by the Southern District of New York as barred by 28 U.S.C. § 2244(a). *See Thompson v. Samuels, et al.*, No. 1:14-cv-3203 (S.D.N.Y. May 16, 2014). Since a court of the United States has determined in prior § 2241 proceedings that Petitioner's conviction and

---

[1] Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) (citations omitted).

[2] Petitioner has another § 2241 petition pending in this Court setting forth nearly identical claims to those in the instant petition. *See Thompson v. Warden - USP Lewisburg*, No. 1:14-cv-947 (M.D. Pa. May 16, 2014).

sentence were lawfully imposed, § 2244(a) bars this Court from again entertaining Petitioner's challenge under § 2241. Under these circumstances, the Court will dismiss the instant § 2241 petition as barred by § 2244(a) and the abuse of the writ doctrine.

An appropriate Order follows.